UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ANDREW D. WETZEL**<br>        **LA. DOC #539179**<br>**VS.** | **CIVIL ACTION NO. 5:14-cv-3331**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Andrew D. Wetzel, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 21, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC); he is incarcerated at the David Wade Corrections Center (DWCC).  Plaintiff sues DWCC's Warden, Jerry Goodwin, DOC Secretary James LeBlanc, and various named and unnamed Corrections Officers, social workers, employees and physicians employed at DWCC, Elayn Hunt Correctional Center (EHCC), St. Gabriel, Louisiana, and the Rayburn Correctional Center (RCC), Angie, Louisiana.  This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

Plaintiff claims –  (1) that he was sexually assaulted by an EHCC Staff Member sometime during the period between "the last few months of 2010 and the first month of 2011;" (2) that he was sexually assaulted three times by inmates at RCC in April and May 2012 and thereafter denied medical care; and (3) that he was "harassed" and then sexually assaulted by an inmate named Parker at DWCC in January, 2014, and that his attempts to obtain treatment for

AIDS and his attempts to obtain housing away from the offender were denied. [Doc. 1] In a separate pleading he alleged that he is housed in "N5 at DWCC in Cell #4" and his attacker is assigned to Cell #1, and, his requests for transfer to another cell have been denied. [Doc. 1-2] On the same date plaintiff filed a Motion for a Preliminary Injunction and Restraining Order. Again alleging that his assailant is housed in close proximity. He requested an order transferring him to the protective custody cell. [Doc. 3]

*1. Cause of Action – Sexual Assault at EHCC*

Plaintiff claims that he was sexually assaulted by an EHCC staff member during the latter part of 2010 and the early part of 2011. Plaintiff filed a prior civil action in the United States District Court for the Middle District of Louisiana in 2011 alleging, inter alia, that he was the victim of a sexual assault perpetrated by an employee at EHCC. In that civil action, plaintiff's application to proceed in forma pauperis was denied because plaintiff had accumulated more than three strikes pursuant to 28 U.S.C. §1915(g). His failure to pay the filing fee resulted in the dismissal of the action. *See Andrew David Wetzel v. Howard Prince, et al.*, Civil Action No. 3:11-cv-00010 (M.D.La.).

*2. Cause of Action – Sexual Assault and Denial of Medical Care at RCC*

Plaintiff claims that he was sexually assaulted and thereafter denied medical care while he was incarcerated at the RCC in 2012.  Plaintiff filed a prior civil action in the United States District Court for the Eastern District of Louisiana in 2012 alleging that he was the victim of sexual assaults in 2011 and 2012 while incarcerated at the RCC. That civil action was ultimately dismissed in December 2012 for failing to exhaust administrative remedies. *See Andrew David Wetzel vs. Louisiana Department of Corrections, et al.*, Civil Action No. 2:12-cv-1550 (E.D.La.).

*3. Cause of Action – Sexual Assault and Denial of Transfer at DWCC*

In his third cause of action, plaintiff complains that he was sexually assaulted by an inmate named Parker at DWCC in January 2014 and thereafter refused AIDS treatment and a transfer to protective custody.

On September 25, 2014 plaintiff filed an "Emergency Request for T.R.O./Injunction" claiming that "starting in 2013 the petitioner has been sexually harassed and assaulted by offender Charles Parker and that his repeated requests for transfer to protective custody have been ignored." He also alleged that he has been denied treatment for AIDS. Plaintiff's application to proceed *in forma pauperis* remains pending. *See Andrew D. Wetzel v. Jerry Goodwin, et al.*, Civil Action No. 5:14-cv-2841.

*Law and Analysis*

*1. Three Strikes*

Title 28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is familiar with this provision and its consequences. As noted above, the United States District Court for the Middle District of Louisiana invoked the provision to deny plaintiff in forma pauperis status. *See Andrew David Wetzel v. Howard Prince, et al.*, Civil Action No. 3:11-cv-00010 (M.D.La.). Likewise, the United States District Court for the Eastern District of Louisiana invoked the provision to deny him in forma pauperis status. *See Andrew David Wetzel*

3

*v. Robert C. Tanner, et al.*, Civil Action No. 2:12-cv-2882 (E.D.La.), at Doc. 2, and cases cited therein. Finally, this Court, too has invoked Section 1915(g) to deny *in forma pauperis* status. *See Andrew D. Wetzel v. Jerry Goodwin, et al.*, No. 5:13-cv-2420.

Plaintiff claims that the instant complaint fits the exception to the rule because he is "under imminent danger of serious physical injury." However, that claim is without a basis in fact or law. According to the original complaint and the motion for injunctive relief, plaintiff was assaulted by inmate Parker in January 2014. He has NOT alleged any further assaults since that date, nor has plaintiff alleged any threats of assault; his claims only that he and Parker are housed in separate cells which happen to be "in close proximity." His claims do not establish imminent danger. Compare Carlton v. Wright, 2014 WL 2300436 (E.D.Tex. 2014) ("... the mere fact that Carlton is in the same housing area as an inmate who assaulted him several months ago and has recently made threats does not show that Carlton is in imminent danger of serious physical injury...") and cases cited therein, namely *King v. Livingston*, 212 Fed.Appx. 260, 2006 WL 3627075 (5th Cir., December 11, 2006) (allegations that the plaintiff has been assaulted several times by the defendants or other inmates, and the defendants have attempted to cause serious injury to the plaintiff from the time of Hurricane Rita to the present, were not sufficient to avoid the application of the three-strikes bar); *Lyles v. Dretke*, slip op. no. 6:08cv382, 2009 WL 722076 (E.D.Tex., March 16, 2009, no appeal taken) (allegations that plaintiff was placed on 11 Building despite threats of assault from officers there, causing mental stress and high blood pressure resulting in 87 requests for blood pressure medication in 24 days, were not sufficient to show imminent danger).

*2. Malicious*

Further, and in the alternative, even if plaintiff were allowed to proceed *in forma pauperis*, his civil action would be subject to dismissal as malicious. Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. §1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986).

The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. *Green*, 788 F.2d at 1119.

If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(d) as malicious." *See Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive or malicious and dismissed under the authority of Section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same

plaintiff"). Or, put another way, "[w]hen declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

As shown above, plaintiff once again seeks to litigate claims previously litigated in the Eastern and Middle Districts of Louisiana. Further, the instant complaint and its accompanying motion are virtually identical to the civil action filed in this Court on September 25, 2014. *See Andrew D. Wetzel v. Jerry Goodwin, et al.*, Civil Action No. 5:14-cv-2841. That civil action was still pending resolution when plaintiff filed the instant complaint and motion. Plaintiff has clearly abused the privilege of litigating *in forma pauperis*; the instant civil action is clearly vexatious and  malicious and dismissal is appropriate.

### *Conclusion, Order, and Recommendation*

Based on the foregoing, the order granting plaintiff permission to proceed *in forma pauperis* [Doc. 6] is **RESCINDED** and plaintiff is ordered to pay the full filing fee of $350.00 within fourteen (14) days of this order; in default thereof, **IT IS RECOMMENDED** that his civil action be **DISMISSED**; and, in the alternative,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint [Doc. 1] and his Motion for Preliminary Injunction and Temporary Restraining Order [Doc. 3] be **DISMISSED** and **DENIED** as malicious.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 15, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**